

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 19SL-CC05015 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>JOHN J LITWICKI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY G FENLON<br>601 S LINDBERGH<br>SAINT LOUIS, MO 63131 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Other Tort | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ST. LOUIS COUNTY, MISSOURI
**Alias:**
OFFICE OF COUNTY EXECUTIVE
41 S. CENTRAL
9TH FLOOR
CLAYTON, MO 63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>13-NOV-2019</u>
Date

**Further Information:**
AD

_Clerk_

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                Date                   Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 19SL-CC05015 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN J LITWICKI | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY G FENLON<br>601 S LINDBERGH<br>SAINT LOUIS, MO 63131 | **SHERIFF FEE PAID** |
| vs. | | |
| Defendant/Respondent:<br>ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CITY OF CRESTWOOD, MISSOURI
Alias:

MAYOR GRANT MABIE
1 DETJEN DR
CRESTWOOD, MO 63126

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

13-NOV-2019
**Date**

_____ Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                    Date                                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $._____ per mile) | |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**19SL-CC05015**

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JOHN J. LITWICKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  4:18-cv-02102-JAR |
| | ) | |
| SAINT LOUIS COUNTY, MISSOURI, | ) | |
| | ) | Jury Trial Requested |
| Serve:  Office of County Executive | ) | |
| 41 S. Central | ) | |
| 9th Floor | ) | |
| St. Louis (Clayton), MO. 63105 , | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| CITY OF CRESTWOOD, MISSOURI, | ) | |
| | ) | |
| Serve:  Mayor Grant Mabie | ) | |
| 1 Detjen Dr. | ) | |
| Crestwood, MO.  63126 | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PETITION FOR DAMAGES

Plaintiff bring this Petition for civil damages stating as follows:

### GENERAL ALLEGATIONS

1.  Defendant St. Louis County is a political subdivision of the State of

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

Missouri and authorized to sue or be sued in its own name.

2.  The St. Louis County Police Board ("Police Board") is established by the St. Louis County Charter, Article IV, Section 4.270.

3.  Pursuant to Section 4.270, the Police Board is vested with authority to establish the policies of the St. Louis County Police Department.

4.  The Police Board oversees the operation of the St. Louis County Police Department and is the final policy maker for the St. Louis County Police Department.

5.  The policies established by the Police Board govern the operation and conduct of the St. Louis County Police Department.

6.  The Police Board establishes the rules and regulations for the qualifications, conduct, and discipline of St. Louis County Police Department employees including police officers.

7.  The St. Louis County Police Board is the final authority for the control and supervision of the St. Louis County Police Department.

8.  The St. Louis County Police Department is an integral part of the St. Louis County Government, being the vehicle whereby the County fulfills its policing function.

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

9.  Board members are selected from the community by the County Executive and approved by the County Council.   The Board derives its authority from Section 4.270 of the St. Louis County Charter where it states, "The board of police commissioners shall be in charge of the police department."

10.  The St. Louis County Charter  authorizes the Board of Police Commissioners to perform a variety of critical functions and tasks including the final authority to make the customs, practices, policies and procedures of the County Police Department.  The Board formulates policies governing the operation and conduct of the department by approving all General Orders or policies of the Department.  They appoint and provide oversight of the Chief of Police with the power to dismiss the Chief.

11.  The St. Louis County Police Chief is authorized, in certain instances, and often is the final decision maker on matters of custom, practice, policy and procedure in areas not touched on or covered by Board of Police Commissioners General Orders.

12.  Defendant City of Crestwood is a municipal corporation located in St. Louis County, Missouri  duly organized under the laws of the State of Missouri.

13.  The City of Crestwood is governed by a mayor and a board of

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

alderman.  There are eight (8) members comprising the board of alderman.

14.  The City of Crestwood operates under a charter form of Government.

15.  Under the City of Crestwood Charter the powers of the city are vested in the Board of Alderman.

16.  Under the City of Crestwood Charter the mayor is recognized as "the head of the city for all legal and ceremonial purposes . . . ."

17.  The City of Crestwood Charter provides that  the " Mayor shall preside at meetings of the Board of Aldermen, but shall not vote on any question except in case of a tie."

18.  The Crestwood Mayor is delegated to exercise " a general supervision over the affairs of the city, and shall take care that the ordinances of the city and the state laws relating to such city, are complied with."

19.  Under the City of Crestwood Charter the mayor nominates a City Administrator who appoints and supervises department heads, including the Crestwood Chief of Police.

20. The City of Crestwood has a police department operated by the Chief of Police and supervised by the City Administrator.  Under the governmental structure of the City of Crestwood, the Chief of Police establishes and enforces

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

the final practices, procedures, protocols, customs, and rules for the City of

Crestwood Police Department.

21.  At all times mentioned herein, defendants were acting under color of

law.

## COUNT I
## BY PLAINTIFF DEFENDANT CITY OF CRESTWOOD

### ACTION UNDER 42 U.S.C. § 1983  FOR DEPRIVATION OF PROPERTY (HANDGUNS) WITHOUT DUE PROCESS OF LAW

Plaintiff John N. Litwicki for his first Count against defendant City of

Crestwood states as follows:

22.   Plaintiff adopts each and every allegation of paragraphs 1- 21 above.

23.  Plaintiff John Litwicki is a United States Citizen.

24.  In December of 2017 plaintiff was the owner and possessor of five

functioning handguns in the City of Crestwood, to-wit:

1.  Smith & Wesson – 38 special air weight, crimson trace laser,
    loaded with five bullets

2.  Harrington & Richardson 38 S&W revolver, loaded with 5
    bullets

3.  North American Arms, 22 magnum loaded with five bullets

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

4.   Taurus, G2cpt111, 9mm semi auto , 12 bullets in magazine

5.   Ruger LCP 380 with red sight laser loaded with 6 bullets

25.  In December of 2017 plaintiff was possessing the five handguns and exercising his constitutional right to bear arms.

26.  All five guns and ammunition were searched, seized and taken from plaintiff by Crestwood Police.

27.   No search warrant or seizure warrant was issued take plaintiff's guns and ammunition.

28.  No search warrant or seizure warrant was ever issued to seize any plaintiff's guns or ammunition.

29.  None of the five guns were stolen.

30.  The seizing Crestwood Police Officers had no information or reasonable belief that the guns were stolen.

31.  Crestwood Police lacked any information that any of the guns were ever used in a crime.

32.  None of the five guns were needed as evidence in a criminal proceeding.

33.   The guns and ammunition were seized without the permission of

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

plaintiff.

34.  Plaintiff's guns and ammunition were seized by Crestwood Police without providing a receipt.

35.  Shortly after the seizure, plaintiff made several attempts to contact Crestwood Police in an effort to obtain the return of his guns and ammunition.

36.  Crestwood Police refused to the return the seized guns and ammunition to plaintiff.

37.  When plaintiff inquired of the Crestwood police department as to what he needed to do to promptly get his guns and ammunition back plaintiff was given the run around and was eventually advised that it was the custom, policy and procedure of the City of Crestwood to turn over the guns and ammunition to the St. Louis County Police.

38.  Plaintiff was provided with no notice or opportunity to be heard or opportunity to object to the transfer of his guns and ammunition to the St. Louis County Police.

39.  Plaintiff was advised that his guns and ammunition were turned over to the general custody of the St. Louis County Police Department and were not given a name, department or contact information as to who to contact.

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

40.   The initial seizure of the firearms and ammunition was without pre-deprivation hearing.

41.   No prompt post-deprivation hearing, in a meaningful time and meaningful manner, has been provided by defendants to plaintiff.

42.   The seizure of the firearms and ammunition was an authorized action of Crestwood Police Department.

43.   The seizure and retention of the firearms and ammunition was not random or unauthorized but pursuant to police custom, policy, practice and procedure of defendant City of Crestwood.

44.   Defendant City of Crestwood has not developed an adequate post-deprivation hearing or judicial remedy in a meaningful time and in a meaning manner for an owner of a firearm or ammunition seized to regain possession of their property.

45.   It was the policy, custom, practice and procedure of the City of Crestwood to turn over and transfer seized guns to the County of St. Louis without notice to the owner or possessor of the guns prior to the transfer.

46.   Defendants have kept plaintiff's firearms in a secret location in the custody of unidentified individuals.

Page | 8

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

47.  Plaintiff has made repeated demand for return of his property.

48.  After a reasonable time has expired, plaintiff's requests for return of his gun and ammunition have been refused and denied.

49.  Plaintiff has been deprived of his guns without due process of law and is entitled to his actual damages pursuant to the provisions of 42 U.S.C. § 1983.

50.  Plaintiff has been damaged by the aforementioned actions which were caused by the deprivations set forth above.

51.  In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

WHEREFORE, plaintiff John Litwicki prays judgment against defendant City of Crestwood, under Count I for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## COUNT II
### BY PLAINTIFF JOHN LITWICKI AGAINST
### DEFENDANT CITY OF CRESTWOOD

### ACTION UNDER 42 U.S.C. § 1983 BY PLAINTIFF FOR

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

## DEPRIVATION OF PROPERTY (AMMUNITION) WITHOUT DUE PROCESS OF LAW

Plaintiff John Litwicki for his Second Count against defendant City of Crestwood states:

52.   He adopts each and every allegation of paragraphs 1 through 51 above.

53.  In December of 20117  plaintiff was the owner of ammunition contained in the five seized firearms described above.

54.   Crestwood Police did not provide plaintiff with directions concerning the procedure to obtain the return of his ammunition.

55.  Several days after seizure plaintiff contacted the Crestwood Police Department in an effort to obtain the return of his ammunition.

56.  Crestwood Police refused to the return the seized ammunition to plaintiff.

57.  Plaintiff has been deprived of his ammunition without due process of law and is entitled to his actual damages pursuant to the provisions of 42 U.S.C. § 1983.

58.   In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

and costs.

WHEREFORE, plaintiff prays judgment against defendant City of Crestwood  under Count II for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## COUNT III
## BY PLAINTIFF JOHN LITWICKI AGAINST DEFENDANTS CITY OF CRESTWOOD AND  ST. LOUIS COUNTY

### ACTION UNDER 42 U.S.C. § 1983 BY PLAINTIFF FOR UNREASONABLE SEIZURE

Plaintiff John Litwicki for Count III against defendants St. Louis County states:

59.   He adopts each and every allegation of paragraphs 1 through 58 above.

60.   Defendant St. Louis County seized plaintiff's guns and ammunition without a warrant.

61.   Defendant St. Louis County seized plaintiff's guns and ammunition without notice to plaintiff or without affording plaintiff the right to be heard.

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

62.   The seizure of the firearm and ammunition was an authorized action of St. Louis County police officers.

63.   The seizure and retention of the firearms and ammunition was not random or unauthorized but pursuant to police custom, policy, practice and procedure of defendant St. Louis County.

64.   Defendants have developed no meaningful post-deprivation hearing or judicial remedy for an owner of firearm ammunition seized.

65.   Defendants have kept plaintiff's firearm in a secret location in the custody of unidentified individuals.

66.   Plaintiff has made demand for return of his property.

67.   After a reasonable time has expired, plaintiff's request have been rejected and denied.

68.   In addition to taking and seizing plaintiff's property without probable cause, the prolonged seizure of plaintiff's property also violates the Fourth Amendment to the United States Constitution.

69.   For all of the reasons and facts state above, Plaintiff has been damaged by the unlawful seizure of his property within the meaning of the Fourth Amendment to the United States Constitution.

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

70.   In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

WHEREFORE, plaintiff prays judgment against defendants City of Crestwood and St. Louis County under Count III for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## Count IV

### BY PLAINTIFF AGAINST DEFENDANTS ST. LOUIS COUNTY

#### ACTION UNDER 42 U.S.C. § 1983  FOR DEPRIVATION OF PROPERTY (HANDGUN) WITHOUT DUE PROCESS OF LAW

Plaintiff John Litwicki for Count IV herein against defendant St. Louis County states as follows:

71.   Plaintiff adopts each and every allegation of paragraphs 1- 70 above.

72.   St. Louis County Police seized the guns and ammunition without providing a receipt.

73. Defendant St. Louis County has never provided plaintiff with any

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

written information concerning the seizure of his ammunition or gun.

74. Defendant St. Louis County refuses to the return the seized guns and ammunition.

75. The initial seizure of the firearms and ammunition was without pre-deprivation hearing.

76. No prompt post-deprivation hearing, in a meaningful time and meaningful manner, has been provided by defendants to plaintiff.

77. The seizure of the firearm and ammunition was an authorized action of St. Louis County police officers.

78. The seizure and retention of the firearms and ammunition was not random or unauthorized but pursuant to police custom, policy, practice and procedure of defendant St. Louis County and the Board.

79. Defendants have not developed an adequate post-deprivation hearing or judicial remedy in a meaningful time and in a meaning manner for an owner of a firearm or ammunition seized to regain possession of their property.

80. Defendants have kept plaintiff's firearm in a secret location in the custody of unidentified individuals.

81. Plaintiff has been deprived of his gun without due process of law and

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

is entitled to his actual damages pursuant to the provisions of 42 U.S.C. § 1983.

82. It was the policy of the St. Louis County Police Department to submit to the Police Crime Lab all firearms seized for any reason.

83. This policy results in a substantial and unconstitutional delay in returning property seized to plaintiff, in particular, and persons in a similar situation, which involves thousands of guns being presented yearly to the crime lab and prolonging their return for approximately two years.

84. In addition, defendant St. Louis County has failed to train and failed to enact guidelines and directives which give owners of firearms and ammunition seized by St. Louis County Police Officers sufficient information and instructions identifying the property seized, the seizing officer, contact information, the manner and method of obtaining the return of said seized items, the manner of challenging the seizure or the prolonged seizure, and the basis for the seizure.

85. Plaintiff has been damaged by the aforementioned actions which were caused by the deprivations set forth above.

86. In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

Electronically Filed - St. Louis County - October 31, 2019 - 03:08 PM

WHEREFORE, plaintiff John Litwicki prays judgment against defendant St. Louis County under Count IV for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## COUNT V

### BY PLAINTIFF AGAINST DEFENDANTS ST. LOUIS COUNTY

ACTION UNDER 42 U.S.C. § 1983 BY PLAINTIFF FOR DEPRIVATION OF PROPERTY (AMMUNITION) WITHOUT DUE PROCESS OF LAW

Plaintiff for Count V against defendant  St. Louis County states:

87.   He adopts each and every allegation of paragraphs 1 through 86 above.

88.   The initial seizure of the ammunition was without pre-deprivation hearing.

89.  No prompt post-deprivation hearing, in a meaningful time and meaningful manner, has been provided by defendants to plaintiff.

90.  The seizure of the firearm and ammunition was an authorized action of St. Louis County police officers.

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

91.  The seizure and retention of the firearm and ammunition was not random or unauthorized but pursuant to police custom, policy, practice and procedure of defendant St. Louis County.

92.  Defendants have developed no meaningful post-deprivation hearing or judicial remedy for an owner of firearm ammunition seized.

93.  Defendants have kept plaintiff's ammunition in a secret location in the custody of unidentified individuals.

94.  Plaintiff has been deprived of his ammunition without due process of law and is entitled to his actual damages pursuant to the provisions of 42 U.S.C. § 1983.

95.  In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

WHEREFORE, plaintiff prays judgment against defendant St. Louis County under Count V for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

## COUNT VI

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

## BY PLAINTIFF AGAINST DEFENDANTS CITY OF CRESTWOOD AND ST. LOUIS COUNTY

### ACTION UNDER 42 U.S.C. § 1983 BY PLAINTIFF FOR INFRINGEMENT OF PLAINTIFF'S SECOND AMENDMENT RIGHT TO BEAR ARMS

Plaintiff for his  Count VI against defendants City of Crestwood and St. Louis County states:

96.   He adopts each and every allegation of paragraphs 1 through 95 above.

97.   Plaintiff's decision to own and possess his guns included , inter alia, as a means of self defense.

98.   The Second Amendment provides that "the right of the people to keep and bear Arms . . . shall not be infringed."

99.   After conducting an exhaustive textual and historical analysis, the Supreme Court made clear in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that the Second Amendment protects an "individual right to possess and carry weapons" for self-defense.

100.  Crestwood Police officers seized all five of plaintiff's firearms which were in his possession and control and both defendants, leaving none in his

Electronically Filed - St Louis County - October 31, 2019 - 03:08 PM

possession or control, and refused to return them.

101.  The Second Amendment and the infringement of plaintiff's right to bear arms is implicated when state law enforcement officers seize all of plaintiff's possessed guns and refuses to return them.

102.  For all of the reasons and facts state above, Plaintiff has been damaged by the infringement of his right to bear arms within the meaning of the Second Amendment to the United States Constitution.

103.   In addition to his actual damages, plaintiff is entitled to damages for the constitutional violations as heretofore described and reasonable attorney fees and costs.

WHEREFORE, plaintiff prays judgment against defendants City of Crestwood and St. Louis County under Count VI for damages in an amount which will fairly and justly compensate him, for his attorneys fees and costs, and for whatever other and further relief as to the Court shall seem meet and proper in the premises.

By:   _/s/ Gregory G. Fenlon_
GREGORY G. FENLON  #35050
601 S. Lindbergh
St. Louis, Missouri  63131
(314) 862-7999; f – 862-8999
ATTORNEY FOR PLAINTIFFS
GGFMOATTY@aol.com

I certify and attest that the above is a true copy of the original record of the Court in case number _19SL-CC 05015_ as it appears on file in my office.

Issued

*Dec 2, 2019*

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By

Deputy Clerk

CCOPR36   Rev. 06/00